UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SUNCO GROUP, INC.,

                            Plaintiff,

-against-                    CIVIL ACTION NO.

EARTH BIOFUELS, INC.,                **07 CV 4776**

                            Defendant.              **Judge Pauley**
------------------------------------------------------X

### EARTH'S NOTICE OF REMOVAL

Defendant Earth Biofuels, Inc. ("Earth"), files this Notice of Removal ("Notice") to remove the lawsuit filed by Sunco Group, Inc. ("Sunco") from New York state district court to this federal district court on the basis of diversity jurisdiction.

### I.
### STATEMENT OF FACTS

On May 2, 2007, Sunco filed suit against the Defendant in the State Court of New York County, New York. Defendant received service of the Verified Complaint on May 7, 2007. Thus, this Notice is timely under 28 U.S.C § 1446(b) because it is filed within thirty (30) days of Earth being served.

Sunco is a corporation organized and existing under the laws of the State of New York and maintains an office in New York, New York. Sunco maintains business interests and affiliates in numerous industries, including oil & gas pharmaceutical manufacturing, distribution and packaging, hotels, resort and theme park development, consumer products, and infrastructure development and power plants.

Earth is a corporation organized under the laws of the State of Delaware, existing under the laws of the State of Texas, and maintains an office in Dallas, Texas. Earth produces and

distributes biodiesel fuel through the company's network of wholesale and retail outlets. Earth also produces and markets liquefied natural gas.

## II.
## NOTICE OF REMOVAL

**A.     Removal is Proper Because There is Complete Diversity**

The federal district courts have original jurisdiction whenever there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a).

In this case, Sunco is a corporation organized under the laws of the State of New York and maintains an office at 117 East 57th Street, 44th floor, New York, New York 10022.

Earth is a corporation organized under the laws of the State of Delaware, existing under the laws of the State of Texas, and maintains an office at 3001 Knox Street, Dallas, Texas, 75205.

Therefore, the parties in this controversy are citizens of different states, and as such, the complete diversity requirements of 28 U.S.C. § 1332(a) are met, and removal is proper.

Additionally, Sunco seeks more than $75,000 in damages, thereby meeting all the requirements for removal under 28 U.S.C. § 1332.

Thus, it is proper that Earth requests that this case be removed to Federal Court.

**B.     Assertive Pleadings Filed**

Pursuant to 28 U.S.C. § 1446(a), the Defendant attaches a copy of all process, pleadings, and orders served upon the Defendant in this action, and attach these documents as **Exhibit A.**

### III.

### PRAYER

WHEREFORE, Earth respectfully request that the Court remove this action to federal court, and that the Court grant Earth such other and further relief, at law or in equity, to which it may be justly entitled or the Court deems appropriate.

Respectfully submitted,

**CUDDY & FEDER LLP**

By: _____
Joshua E. Kimerling (JEK#0053)

445 Hamilton Avenue, 14th Floor
New York, New York 10601
(914) 761-1300 – Telephone
(914) 761-5372 – Facsimile

**ATTORNEYS FOR DEFENDANT
EARTH BIOFUELS, INC.**

C&F: 766932.2

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion has been sent by certified mail, return receipt requested, to Philip C. Berg, Berg Partners LLP, 350 Fifth Avenue, 59th Floor, New York, New York 10118, on the 5th day of June, 2007.

_____
Joshua E. Kimerling

359199_1.DOC

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

SUNCO GROUP INC.,

                Plaintiff,

-against-

EARTH BIOFUELS, INC.,

                Defendant.

------------------------------------------------------------X

NEW YORK
COUNTY CLERK'S OFFICE

MAY - 2 2007

Index No.: 760457
Date Filed: 5/2/07  NOT COMPARED
WITH COPY FILE

**SUMMONS**

Plaintiff designates
New York County as the place of trial

Basis of Venue:
Plaintiff's Place of Business
117 East 57th Street, 44th Floor
New York, NY 10022

**TO THE ABOVE NAMED DEFENDANT:**

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is completed if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       May 2, 2007

Yours, etc.

PHILIP C. BERG, ESQ.
Berg Partners LLP
Attorney for Plaintiff
350 Fifth Avenue, 59th Floor
New York, New York 10118
(212) 601-2750

TO:    EARTH BIOFUELS, INC.
         3001 Knox Street, Suite 407
         Dallas, Texas 75205

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X
**SUNCO GROUP INC.**,

                Plaintiff,

-against-

**EARTH BIOFUELS, INC.**,

                Defendant.
------------------------------------------------------------X

Index No.: 7601457

**VERIFIED COMPLAINT**

NEW YORK
COUNTY CLERK'S OFFICE

MAY - 2 2007

NOT COMPARED
WITH COPY FILE

PLEASE TAKE NOTICE that the Plaintiff, SUNCO GROUP INC., by its attorney, PHILIP C. BERG, ESQ., hereby complains of the Defendant as follows:

1. The Plaintiff is a corporation organized and existing under the laws of the State of New York and maintains an office in New York, NY.

2. Upon information and belief, the Defendant EARTH BIOFUELS, INC., is a corporation company organized under the laws of the State of Delaware and existing under the laws of the State of Texas and maintains an office at 3001 Knox Street, Dallas, TX 75205.

3. Upon information and belief, the Defendant transacted business within the county in which this action is brought in person or through his agent and that the instant cause of action arose out of said transaction within the jurisdiction of this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

4. The Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "3" hereof as if more fully set forth herein.

5. On or about February 14, 2006, the Plaintiff and Defendant entered into an agreement by which the Plaintiff agreed to provide certain services and Defendant agreed to buy, accept and pay for said services.

6. The Plaintiff found, introduced, and delivered to Defendant, Investors in order to raise capital for Defendant and Plaintiff performed all conditions on its part to be performed.

7. The Defendant accepted and received funding from said Investors introduced by the Plaintiff.

8. The agreed value of the services purchased from the Plaintiff by Defendant was 10% of the gross amount of money provided by Investors and accepted by Defendant.

9. The gross amount accepted by Defendant from the said Investors was one-million two-hundred and fifty thousand dollars ($1,250,000.00).

10. Pursuant to the agreement the Plaintiff is entitled to $125,000.00.

11. Notwithstanding the aforementioned introduction and delivery of the Investors by the Plaintiff, the Defendant has failed to make full payment to the Plaintiff despite demand therefor.

12. Plaintiff has received $25,000.00.

13. Plaintiff demands payment of the sum of $100,000.00.

14. As a result of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $100,000.00 together with all other costs and expenses to be imposed by the Court in this matter.

### AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "14" hereof as if more fully set forth herein.

16. Plaintiff sent invoices to Defendant demanding that payment be made to the Plaintiff.

17. The Defendant made partial payment in connection previously referred to herein.

18. There is an account stated between the parties in the amount of $125,000.00.

19. Only $25,000 of said debt has been paid, although duly demanded, leaving a balance due of $100,000.00.

20. As a result of the foregoing, the Plaintiff is entitled to judgment against the Defendant in the amount of $100,000.00 together with all other costs and expenses to be imposed by the Court in the matter.

### AS AND FOR A THIRD CAUSE OF ACTION

21. The Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "20" hereof as if more fully set forth herein.

22. The Plaintiff and Defendant had a fiduciary relationship as Plaintiff acted as an Introducing Agent to raise capital for the Defendant.

23. The Defendant had a fiduciary duty to inform the Plaintiff of the ongoing negotiations with the Investors and any acceptance of funds and capital provided by the Investors.

24. The Defendant breached such duty by secretly negotiating with the Investors for additional capital without notifying the Plaintiff.

25. The Defendant, via the secret negotiations, received additional capital from said Investors in the amount of $1,000,000.00.

26. The Defendants breach of duty was the direct and proximate cause of the loss of $100,000.00 due to the Plaintiff under the initial finder's fee agreement as the Plaintiff was the Introducing Agent.

27. Plaintiff demands payment of the sum of $100,000.00.

28. That the breach of fiduciary duty was wanton, reckless, and malicious and therefore Plaintiff is entitled to punitive damages.

29. As a result of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $100,000.00 together with punitive damages, and all other costs and expenses to be imposed by the Court in this matter.

### AS AND FOR A FOURTH CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "29" hereof as if more fully set forth herein.

31. The Plaintiff and Defendant had a fiduciary relationship as Plaintiff acted as an Introducing Agent to raise capital for the Defendant.

32. The Defendant had a fiduciary duty to act to advance the interests of the

Plaintiff.

33. The Defendant breached such duty by making false and misleading statements relating to the relationship between Plaintiff and Defendant.

34. The Defendant breached such duty by knowingly misleading and misinforming Plaintiff that Plaintiff was required to be a Licensed Securities Broker-Dealer under the Securities Act in order to receive a "finder's fee" and coerced, pressured, and manipulated Plaintiff to sign a "consulting agreement" on or about April 20, 2006

35. The Defendants breach of duty was intentional to avoid paying a "finder's fee" on the additional capital raised, such finder's fee being $100,000.00.

36. The Defendants breach of duty was the direct and proximate cause of the loss of $100,000.00.

37. Plaintiff demands payment of the sum of $100,000.00.

38. That the breach of fiduciary duty was wanton, reckless, and malicious and therefore Plaintiff is entitled to punitive damages.

39. As a result of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $100,000.00 together with punitive damages, and all other costs and expenses to be imposed by the Court in this matter.

**WHEREFORE,** Plaintiff demands judgment as follows:

    a) On all causes of action in the sum of $100,000.00;

    b) On the third and fourth causes of action for punitive damages;

c) Costs and disbursements of this action; and

d) For such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       May 2, 2007

Yours, etc.

_____
**PHILIP C. BERG, ESQ.**
**Berg Partners LLP**
Attorney for Plaintiff
350 Fifth Avenue, 59th Floor
New York, New York 10118
(212) 601-2750

Index No.: 760457  Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X

SUNCO GROUP INC.,

                       Plaintiff(s)

   Against

EARTH BIOFUELS, INC.,

                       Defendant(s)
------------------------------------X

NEW YORK
COUNTY CLERK'S OFFICE

MAY - 2 2007

NOT COMPARED
WITH COPY FILE

## SUMMONS AND COMPLAINT

**PHILIP C. BERG, ESQ.**
Berg Partners LLP
Attorney for Plaintiff
350 Fifth Avenue, 59th Floor
New York, New York 10118
(212) 601-2750

To:

Attorney(s) for Defendant

Service of a copy of the within _____ is hereby admitted.

Dated: _____

        Attorney(s) for

**PLEASE TAKE NOTICE:**

X  **NOTICE OF ENTRY**
that the within is a (certified) true copy of a Summons and Verified Complaint
entered in the office of the clerk of the within named court on 5/2/07

___ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the
Hon.               One of the judges of the within named Court,
at
on                at

Dated: 5/2/07

        **PHILIP C. BERG, ESQ.**
        Berg Partners LLP
        Attorney(s) for Plaintiff
        350 Fifth Avenue, 59th Floor
        New York, New York 10118
        212-601-2750 (ofc)

To:
Attorney(s) for

Philip C. Berg, Esq.
Rule 130-1.1-a Certification