UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUNCO GROUP, INC.,

                       Plaintiff,

- against -
                                                  07 CV 4776 (WHP)

EARTH BIOFUELS, INC.,

                       Defendant.
------------------------------------------------------------X

**DEFENDANT EARTH BIOFUELS, INC.'S MEMORANDUM OF
LAW IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT IN PART</u>**

# CUDDY & FEDER <sup>LLP</sup>

Attorneys for Defendant
Earth Biofuels, Inc.
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300 Tel.
(914) 761-5372 Fax

C&F: 768081.1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUNCO GROUP, INC.,
                              Plaintiff,
       - against -                                              07 CV 4776 (WHP)

EARTH BIOFUELS, INC.,

                              Defendant.
------------------------------------------------------------X
```

I.

## INTRODUCTION

Defendant Earth Biofuels, Inc. ("Defendant" or "Earth"), by its attorneys, Cuddy & Feder LLP, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Sunco Group, Inc.'s ("Plaintiff" or "Sunco") Complaint,[1] in part, because it fails to state a claim upon which relief can be granted with regards to the causes of action asserted for breach of fiduciary duties.[2] Based on Sunco's own pleadings, Sunco was merely a "finder" for Earth, and accordingly there was never a fiduciary relationship between Earth and Sunco. Moreover, Sunco's fiduciary duty claims are duplicative of the breach of contract claims asserted by Sunco, and therefore must be dismissed as a matter of law. It is apparent that Sunco asserts these improper fiduciary duty claims in an improper attempt to pave the way for punitive damages claims. As such, Sunco has no viable claims against Earth for breach of fiduciary duties, and the claims in this lawsuit related to an assertion of such claims must be dismissed

---

[1] Plaintiff brought this lawsuit in state court, and Defendant removed the action from state court to federal court based on diversity jurisdiction.

[2] The fiduciary duty claims are causes of action numbers three and four in Sunco's Complaint.

I.

## STATEMENT OF FACTS

In early 2006, Sunco and Earth began negotiations regarding a potential agreement between the two parties under which Sunco would provide general business consulting advice to Earth, as well as locate potential investors for Earth. Sunco, by virtue of its own Complaint, admits that the only service provided by Sunco to Earth was to "introduce" Earth to a potential investor. However, Sunco had no ability to negotiate on behalf of or bind Earth with regards to any agreement or arrangement between an investor and Earth.

Thus, based on well-established law, there was never a fiduciary relationship between Earth and Sunco. Moreover, Sunco's assertion of causes of action based on a breach of a fiduciary duty are improper under well-established case law as Sunco's fiduciary duty claims are duplicative with its breach of contract claims.

Consequently, all of Sunco's allegations contending that Earth breached a fiduciary duty must be dismissed as a matter of law.

II.

## ARGUMENTS AND AUTHORITIES

A.  **Standards Governing Rule 12(b)(6) Motions**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Todd v. Exxon Corp.*, 275 F.3d 191, 197-98 (2nd Cir. 2001). In ruling on a 12(b)(6) motion, the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true. *Id.* at 197. The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to

offer evidence in support of its claims. *Id.* at 198. Dismissal is warranted "when the facts pleaded and the reasonable inferences therefrom are legally insufficient to support the relief sought." *Burger v. Risk Management Alternatives, Inc.*, 94 F.Supp.2d 291, 293 (N.D.N.Y. 2000).

## B. No Fiduciary Relationship Was Created

The very facts pled by Sunco in its Complaint preclude the possibility of a fiduciary duty cause of action because they do not have a legally sustainable basis in the instant suit. In fact, the only basis under which Sunco asserts the allegation that there was a fiduciary relationship between Earth and Sunco is that Sunco acted as an "Introducing Agent" to raise capital for Earth. *Complaint* at ¶¶ 22, 31. In other words, Sunco's sole job, as claimed by Sunco, was to locate and introduce potential investors to Earth. Sunco could only introduce a potential investor to Earth, but had no ability to negotiate on behalf of Earth, or to bind Earth to any arrangement, agreement, or proposal. In exchange, Sunco alleges it was to receive a "finder's fee." *Id.* at ¶ 35.

Taking the facts as alleged by Sunco as true, Sunco's claims of a fiduciary duty breach by Earth must fail as a matter of law because there was never a fiduciary relationship between Earth and Sunco. In a case that is strikingly similar to the present case, *Village On Canon v. Bankers Trust Company*, the Court held there was no fiduciary relationship between the parties when all that was required was that one party, Bankers Trust Company ("Bankers Trust"), locate and approach potential investors on behalf of Village on Canon ("VOC"). *Village On Canon v. Bankers Trust Company*, 920 F.Supp. 520, 532-33 (S.D.N.Y. 1996). Bankers Trust, under an agreement with VOC, had no authority to commit VOC to any particular investor proposal, but could only evaluate proposals and submit recommendations to VOC. *Id.* at 533. In exchange for locating a potential investor, Bankers Trust would be paid a finders fee, which would be based on a percentage of the value of the deal entered into with the investor. *Id.* Therefore, this arrangement is identical to that which is alleged by Sunco in its Complaint, which is that Sunco would receive an amount equal to

10 percent of the amount of money provided by any investor that Sunco introduced to Earth. *See* Complaint at ¶¶ 6-8. However, this "finder's fee" arrangement has been explicitly found to not create a fiduciary relationship. As the *Bankers Trust* Court stated, "This [type of] arrangement is not the kind of 'exclusive agency' that imposes a fiduciary duty. . . ." 920 F.Supp. at 533.

In another analogous case, *Northeast General Corp v. Wellington Advertising, Inc.*, Northeast General Corporation ("Northeast General") was hired to find and "introduce" candidates for purchase, sale, or merger to Wellington Advertising. *Northeast General Corp v. Wellington Advertising, Inc.*, 82 N.Y.2d 158, 160-61 (1993). The Court, in holding that no fiduciary duty existed, found the fact that Northeast General was only serving as a "finder" of potential targets, and not as a broker, persuasive. *Id.* at 162-63. The Court determined that because Northeast General was acting "without any obligation or power to negotiate the transaction," it was only a "finder," and therefore this arrangement fell short of creating a fiduciary duty. *Id.* at 163. The Court stated, "Thus, by agreement and through the actions of the parties, this finder had no power to affect any legal relations of Wellington and the prospective buyer that would propel the duties into the fiduciary-like sphere." *Id.* at 164.

In this instance, Sunco is similarly situated to Northeast General. Sunco, as pled in Sunco's Complaint, was merely acting as a "finder" of potential investors in Earth, but Sunco had no ability to negotiate on behalf of or bind Earth in any transaction. Consequently, as a matter of law, there was no fiduciary relationship created between Earth and Sunco.

Therefore, based on the foregoing, Sunco's fiduciary duty claims must be dismissed.

C.   **Sunco's Fiduciary Duty Claims Are Duplicative of the Breach of Contract Claims**

Even if there were a fiduciary duty created in the instant suit, Sunco's fiduciary duty claims must be dismissed because Sunco has advanced breach of contract and fiduciary duty causes of action that are based on the same allegations and facts. Specifically, all of Sunco's allegations are

rooted in the same alleged arrangement between Earth and Sunco in which Sunco contends it was to be paid ten percent of any amount invested by a third party introduced to Earth by Sunco. It is the same set of events, facts, and issues underlying both the breach of contract and fiduciary duty allegations. Therefore, because Sunco's fiduciary duty claims are based upon the same facts and theories as the breach of contract claims, the fiduciary duty claims are duplicative and must be dismissed. *See Brooks v. Key Trust Co. National Ass'n*, 26 A.D.3d 628, 630 (3rd Dept. 2006); *see also Kaminsky v. FSP Inc.*, 5 A.D.3d 251, 252 (1st Dept. 2004).

### III.

### CONCLUSION

Simply put, Sunco is trying to conjure up fiduciary duty claims that are barred as a matter of law in order to fashion a claim for punitive damages. However, based on Sunco's own Complaint, there cannot be a fiduciary relationship between Earth and Sunco as a matter of law. Moreover, Sunco's fiduciary duty allegations are duplicative of the breach of contract claims asserted by Sunco, and therefore must be dismissed as a matter of law.

Consequently, Sunco's fiduciary duty claims must be dismissed with prejudice.

## IV.

### **PRAYER**

Earth respectfully requests that this Court dismiss the third and fourth causes of action in Sunco's Complaint with prejudice, award Earth its reasonable attorneys' fees and costs associated with defending these frivolous claims, and grant Earth all legal or equitable relief this Court deems proper.

Dated: June 8, 2007
      White Plains, New York

Respectfully Submitted,

**CUDDY & FEDER** LLP
Attorneys for Defendant
Earth Biofuels, Inc.
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300 Tel.
(914) 761-5372 Fax

By: _____
Andrew P. Schriever (AS#9788)
Joshua E. Kimerling (JEK#0053)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion has been sent by certified mail, return receipt requested, to Philip C. Berg, Berg Partners LLP, 350 Fifth Avenue, 59th Floor, New York, New York 10118, on the 8th day of June, 2007.

_____
Joshua E. Kimerling