June 8, 2007

**BY FEDERAL EXPRESS**

Hon. William H. Pauley
United States District Court Judge
Southern District of New York
500 Pearl Street (Chambers - 2210)
New York, New York 10007

RE: Sunco Group Inc. v. Earth Biofuels, Inc.
    07 CV 4776 (WHP)

*[Handwritten note:]* An initial pre-trial conference and a pre-motion conference is scheduled for July 13, 2007 at 10:00am

**SO ORDERED:**

*[Signature]* WILLIAM H. PAULEY, U.S.D.J.

7/3/07

Dear Judge Pauley:

We represent the Defendant, Earth Biofuels, Inc. ("Earth"), in connection with this matter. As of today's date, Earth will be electronically filing with the Clerk of the Court its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, in part (the "Motion"). Enclosed for filing with Your Honor are courtesy copies (marked as such pursuant to Your Honor's Rules) of the following motion papers in support of Earth's motion:

1. Notice of Motion to Dismiss;

2. Affirmation in Support of Motion to Dismiss, together with Exhibit "A" thereto; and

3. Memorandum of Law in Support of Motion to Dismiss.

Although Your Honor's rules require a pre-motion conference, due to filing deadlines, Earth is unable to fully comply with Rule 3(A)(2) of Your Honor's Rules. As Your Honor is aware, Rule 3(A)(2) requires a party to submit a letter, not exceeding three pages in length, setting forth the basis of the motion prior to its filing. Subsequently, the opposing party may submit a response letter, no longer than three pages, within five (5) business days of receipt of the movant's letter. Then, <u>Your Honor will notify the parties at a later date of the designated conference date</u>.

Unfortunately, due to the requirements under the Federal Rules of Civil Procedure, Earth is unable to fully comply with You Honors' Individual Practice Rule 3(A)(2). On June 5, 2007, Earth timely removed Sunco's suit from State court. Under Federal Rule of Civil Procedure 81(c), Earth has five days in which to file its answer. Federal Rule of Civil Procedure 12(b) requires certain defenses, such as the assertion that the Plaintiff failed to state a claim upon which relief can be granted, to be filed before the answer. Considering that the Notice of Removal was filed on June 5th, it is impossible for Earth to comply

Page 2
June 8, 2007

with Rule 3(A)(2) and still file its Motion in a timely manner under the Federal Rules of Civil Procedure.

Consequently, Earth is proceeding with the filing of its Motion, which seeks to dismiss certain claims of Sunco in which it is asserted that Earth breached a fiduciary duty. Any claim or cause of action based on the allegation that there was a breach of a fiduciary duty is improper because it is well-established case law that the alleged "finder's fee" arrangement between Earth and Sunco, in which Sunco alleges it was to be compensated a percentage of any amount invested in Earth by a third party introduced to Earth by Sunco, does not create a fiduciary relationship. Plaintiff's alleged fiduciary duty claims are also impermissible because they are duplicative of Sunco's breach of contract claims asserted in this suit. Therefore, Earth submits that its motion is meritorious in all respects.

I am copying opposing counsel on this letter, and I await the Court's instructions as to whether a motion conference will take place and/or a briefing schedule on the motion.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

Joshua Kimerling

JK:jv
Enclosures
cc:   Philip C. Berg, Esq. (w/enc.)

C&F: 768419.1