UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SUNCO GROUP, INC.,

                **Plaintiff,**

- against -                              07 CV 4776 (WHP)

EARTH BIOFUELS, INC.,

                **Defendant.**
-----------------------------------------------------------X

### EARTH BIOFUELS, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

#### INTRODUCTION

Defendant Earth Biofuels, Inc. ("Earth") files this Original Answer and Affirmative Defenses ("Original Answer") in response to Plaintiff's First Amended Complaint ("Complaint"),

#### I.

#### ORIGINAL ANSWER

Earth answers the specific factual allegations contained in the Complaint as follows:

1.    Earth is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.    Earth admits the allegations in paragraph 2 of the Complaint.

3.    Earth denies that venue is proper in the Supreme Court of the State of New York, County of New York, but admits the remaining allegations contained in paragraph 3 of the Complaint.

## First Cause of Action

4. Earth re-alleges and incorporates by reference each of its responses to paragraphs 1-3 of the Complaint as though they were fully set forth herein.

5. Earth denies the allegations contained in paragraph 5 of the Complaint.

6. Earth admits that Sunco introduced to Earth a single investor that invested an amount for which Sunco has been fully compensated by Earth, but Earth denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Earth admits that Sunco introduced to Earth a single investor that invested an amount for which Sunco has been fully compensated by Earth, but Earth denies the allegations contained in paragraph 7 of the Complaint.

8. Earth denies the allegations contained in paragraph 8 of the Complaint.

9. Earth denies the allegations contained in paragraph 9 of the Complaint.

10. Earth denies the allegations contained in paragraph 10 of the Complaint.

11. Earth denies the allegations contained in paragraph 11 of the Complaint.

12. Earth admits the allegations contained in paragraph 12 of the Complaint.

13. Earth is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 are primarily conclusions of law to which no answer is required; however, to the extent admission or denial is required, Earth denies the allegations contained in Paragraph 14.

## Second Cause of Action

15. Earth re-alleges and incorporates by reference each of its responses to paragraphs 1-14 of the Complaint as though they were fully set forth herein.

16. Earth is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint.

17. Earth admits that a payment was made to Sunco pursuant to Paragraph 17, but denies the remaining allegations in this Paragraph, including the allegation that Earth made only a partial payment.

18. Earth denies the allegations contained in paragraph 18 of the Complaint.

19. Earth denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 are primarily conclusions of law to which no answer is required; however, to the extent admission or denial is required, Earth denies the allegations contained in Paragraph 20.

## II.

## AFFIRMATIVE DEFENSES

For further answer, if necessary, and while at all times denying liability, Earth asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred in whole or in part by equitable and/or promissory estoppel.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred in whole or in part by ambiguity.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred in whole or in part because the February 14, 2006, letter proposal was terminated and is precluded by the integration clause of the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred in whole or in part by the doctrine of rescission.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's injuries and damages, if any, were wholly or partially caused by his own conduct.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred in whole or in part by fraud.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred in whole or in part by the doctrine of payment.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred in whole or in part because the necessary conditions precedent for Plaintiff bringing this lawsuit and seeking recovery herein have not occurred or been performed.

### III.

### PRAYER

1. Earth requests that the Court enter an order:

   A. Dismissing with prejudice Plaintiff's claims and causes of action; and

C&F: 888380.1

B. Granting Earth all other legal or equitable relief this Court deems just.

Dated: March 14, 2008

Respectfully submitted,

**CUDDY & FEDER LLP**

By: _____
Joshua E. Kimerling (JEK #0053)
445 Hamilton Avenue, 14th Floor
New York, New York 10601
(914) 761-1300 – Telephone
(914) 761-5372 – Facsimile
**ATTORNEYS FOR DEFENDANT
EARTH BIOFUELS, INC.**

C&F: 888380.1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion has been sent by certified mail, return receipt requested, to Philip C. Berg, Berg Partners LLP, 350 Fifth Avenue, 59th Floor, New York, New York 10118, on the 14th day of March, 2008.

_____
Joshua E. Kimerling